RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE  1 / 9 / 12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **WILLIAM BAKER #28337-034** | DOCKET NO. 12-CV-2562; SEC. P |
| **VERSUS** | JUDGE JAMES T. TRIMBLE, JR. |
| **WARDEN** | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 by William Baker. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP), incarcerated at the Federal Correctional Institution in Pollock, Louisiana (FCI Pollock). He challenges the computation of his sentence by the Bureau of Prisons, and he seeks a speedier release from custody.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Procedural and Factual Background*

Petitioner was arrested by local law enforcement officials in the State of Louisiana on April 23, 2003, for multiple State charges. He was released to federal authorities pursuant to a complaint filed on April 23, 2003, in the Eastern District of Louisiana, and he was indicted on May 2, 2003, for one count of possessing with intent to distribute fifty grams or more of cocaine base ("crack") in violation of 21 U.S.C. §841(a)(1). [2:03-cr-120, E.D.La., Doc.#61] He pled guilty to the offense on June 11, 2003.

He was sentenced on September 8, 2004.[1]  On November 3, 2004, Petitioner was sentenced in state court on State drug charges.  On December 28, 2004, he was designated to a BOP facility.  On February 16, 2005, Baker was returned to State custody and served out his state sentence.  He was transferred back to federal custody on October 4, 2006.

On December 30, 2011, in the Eastern District of Louisiana, Petitioner filed a motion seeking credit for time served prior to the imposition of his sentence. [2:03-cr-120, E.D.La., Doc.#60]  He argued that, because seventeen months elapsed between the date of his arrest and the Court's imposition of sentence, he was entitled to credit for that time served while he was in custody. However, according to Baker, neither his Bureau of Prisons ("BOP") computation data sheet, nor the Court's judgment and commitment order, nor his PSR "reflects [that] any jail credit . . . has been applied to [his] term of imprisonment." [2:03-cr-120, E.D.La., Doc.#60, 61]  Essentially, Baker sought to have the sentencing Court inform BOP that it must credit Baker with having served seventeen months of his sentence prior to date the Court imposed judgment. [2:03-cr-120, E.D.La., Doc.#61]  The Court determined that it did not have authority to enter a declaratory judgment

---

[1]On December 14, 2011, the sentencing Court reduced Petitioner's sentence to 120 months of imprisonment pursuant to 18 U.S.C. §3582(c) because he was eligible for a sentence reduction under Amendment 750 of the U.S. Sentencing Guidelines. [Id.]

2

setting forth the amount of any jail credit to which Baker may have been entitled. [Id.]

Petitioner filed administrative grievances at each level, and he attached the responses to his Petition filed in this Court. The Regional response indicates that the request was forwarded to the Designation and Sentence Computation Center for a determination pursuant to the BOP Program Statement 5160.05. The June 1, 2012, National Appeals response indicates that as of that date, Petitioner's sentence **had been updated to include the time spent in federal custody from April 23, 2003** *(the date he was released from the State to the U.S. Marshal's)* **through February 16, 2005** *(the date he was returned to State officials to serve the State sentence).* [Doc. #1-3, p.3-4] The sentence computation sheet, also submitted with the Petition, confirms that Baker's time calculation was updated on May 23, 2012 to reflect **additional jail credit from 04-23-2003 through 02-16-2005**. [Doc. #1-3, p.14] Thus, Petitioner received additional credit for the approximately 22 months in which he was held in federal custody.

It appears that Petitioner would also like to receive credit toward his federal sentence for the time after February 16, 2005, the date on which he was returned to the State officials. That time, however, was already credited toward his State sentence.

### *Law and Analysis*

The law provides that a sentence commences on the date the

3

defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served. Under 18 U.S.C. §3585(b), a prisoner may receive credit against his federal prison term for any time spent in official detention prior to the commencement of his sentence "**that has not been credited against another sentence.**" (West 1998)(emphasis added). Only the Attorney General, through the Bureau of Prisons, may compute a prisoner's credits. See Pierce v. Holder, 614 F.3d 158, 160 (5th Cir. 2003)(citing U.S. v. Wilson, 503 U.S. 329, 334-35 (1992)).[2] In this case, the Bureau of Prisons gave Petitioner additional credit from April 23, 2003 through February 16, 2005. He then received credit from the date on which he was returned to federal custody, October 4, 2006. The time in State custody from February 16, 2005, through October 4, 2006, was credited toward his State sentence. Generally, an inmate is not allowed credit toward his federal sentence if the prior custody time was credited toward his state sentence. See United States v. Dovalina, 711 F.2d 737, 740 (5th Cir. 1983). Petitioner received the additional credit to which he was due via the administrative remedy process.

---

[2] In fact, Johnson actually petitioned the sentencing court in the Eastern District of Louisiana, by letter, asking that it award prior custody credit against his federal sentence. The Court treated the letter as a motion, which it denied on March 21, 2012, on the grounds that Petitioner had not exhausted his administrative remedies. The Court noted that computation was at the discretion of the Bureau of Prisons and that only the Attorney General, through the Bureau of Prisons, may compute a prisoner's credits. [2:09-cr-00373; E.D.La. Doc. #339]

Petitioner has not shown that his custody is in violation of the Constitution or laws of the United States. Therefore, for the forgoing reasons, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED and DISMISSED**.

### *Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 8th day of January, 2013.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE